# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIM SOLOMON** | : | **CIVIL ACTION** |
| *Plaintiff – pro se* | : | |
| | : | **NO. 15-4050** |
| **v.** | : | |
| | : | |
| **AMERIHEALTH CARITAS,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.                                          AUGUST 26, 2016

## MEMORANDUM OPINION

**INTRODUCTION**

On July 24, 2015, Plaintiff Kim Solomon ("Plaintiff"), proceeding *pro se*,[1] filed an employment discrimination complaint against Defendant AmeriHealth Caritas ("AmeriHealth"), averring discrimination based on her race, age, and gender pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"). [ECF 3]. On September 10, 2015, Plaintiff amended the complaint to add Defendants Michael Metzradt ("Metzradt"), Wanda Childs ("Childs"), and Martha Bailey ("Bailey") (collectively, with AmeriHealth, "Defendants"). [ECF 5]. Specifically, Plaintiff's claims of unlawful discrimination are premised on her contentions that Defendants: (1) failed to promote her; (2) failed to stop harassing her; (3)

---

[1] By Order dated December 2, 2015, this Court granted Plaintiff's *pro se* motion for appointment of counsel and referred the matter to the *Plaintiff's Employment Panel* for the Eastern District of Pennsylvania. [ECF 11]. Shortly thereafter, Attorney Elliot B. Platt accepted an order of appointment in this matter. [ECF 13]. After representing Plaintiff in a mandatory mediation before the Honorable Paul S. Diamond, Attorney Platt filed a motion to withdraw as counsel citing to irreconcilable differences between him and Plaintiff which, consistent with his obligations under the Rules of Professional Conduct, made him unable to continue to represent Plaintiff. By Order dated March 3, 2016, this Court granted Attorney Platt's motion to withdraw, and stayed the matter for thirty (30) days to allow Plaintiff to obtain new counsel. [ECF 18]. Rather than obtaining new counsel, on March 10, 2016, Plaintiff filed a second request for appointment of counsel. [ECF 19]. This request was denied by Order dated March 31, 2016. [ECF 20].

subjected her to unequal terms and conditions; (4) provided an unsafe workplace; and (5) retaliated against her.

Before this Court is Defendants' *motion to dismiss* filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 7], which seeks the dismissal of the discrimination and retaliation claims asserted in the amended complaint; Plaintiff's response filed on December 8, 2015; and Plaintiff's addendum to her response filed on April 15, 2016. [ECF 12, 21]. The issues in this matter have been fully briefed, and the motion is ripe for disposition.

For the reasons set forth, Defendants' motion to dismiss is granted.

**BACKGROUND**

When ruling on Defendants' motion to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in the amended complaint and construe these facts in the light most favorable to Plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). These allegations are as follows:[2]

> Plaintiff is a 47-year old African American female. (Am. Compl. ¶ II, D). Plaintiff is employed by Defendant AmeriHealth. (*Id.* at E). Defendant Metzradt is a manager with Defendant AmeriHealth, and Defendants Childs and Bailey are supervisors and co-workers with Plaintiff. (*Id.*).
>
> Plaintiff alleges that since December of 2013, she has been, and continues to be, discriminated against by Defendants on account of her race, age and gender. (Am. Compl. ¶ II, B and C). Plaintiff made several complaints to the human

---

[2] As noted, on September 10, 2015, before any Defendant filed a response to Plaintiff's original complaint, Plaintiff filed an amended complaint. This amended pleading differed from the original complaint in that it included, in the caption on the first page of the document, the individually-named Defendants who had been otherwise identified on the second page of the original complaint, and omitted a hand-written page containing the bulk of Plaintiff's factual allegations and the copy of Plaintiff's charge of discrimination submitted to the EEOC. Ordinarily, when a plaintiff files an amended complaint, as Plaintiff did here, the amended complaint replaces entirely the previously-filed pleading. *See West Run Student Hous. Assoc., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Without the omitted pages and document, however, Plaintiff's amended complaint contains very little by way of alleged facts, as compared to the original complaint. Notwithstanding, and in light of Plaintiff's *pro se* status, this Court will consider the facts asserted in both the original and amended complaints in the light most favorable to Plaintiff. Whether this Court considers the omitted allegations, the outcome is the same.

resources and ethics departments and sought assistance from the employee assistance program. (*Id.* at ¶ E). In May of 2015, Plaintiff was transferred to another Department after filing her charge of discrimination with the EEOC. (*Id.*).

Plaintiff alleges that she was "harassed" by co-workers Defendants Childs and Bailey. Plaintiff was passed over for a promotion because Defendants Childs and Bailey advised a recruiter not to give her the opportunity. (*Id.*). Defendant Metzradt allegedly showed favoritism to Defendants Childs and Bailey by giving them higher pay, and by allowing them to work from home, take time off, and control the department and Plaintiff's staff. (*Id.*). Plaintiff was intimidated by Defendants Childs and Bailey, who allegedly mistreated her and undermined her authority, and bullied her when she did not go along with what they wanted. (*Id.*).[3] Plaintiff was informed by Defendant Metzradt that she would receive a performance evaluation in March of 2015, but the evaluation was not performed until June of 2015. (*Id.*). Plaintiff was not given a bonus/fair rate increase despite not having performance issues. (*Id.*). Plaintiff contends that an unidentified, younger "white male," who did not have the same title as Plaintiff, received a portion of her performance increase. (*Id.*).

As stated, Plaintiff asserts that Defendants discriminated and retaliated against her based on her race, age, and gender in violation of Title VII and the ADEA.

**LEGAL STANDARD**

A court may grant a motion to dismiss an action under Federal Rule of Civil Procedure 12(b)(6) if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11. The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege

---

[3] Plaintiff does not indicate who was bullying her. This Court interprets "they" as referring to Defendants Childs and Bailey.

the plaintiff's entitlement to relief: it must "show such an entitlement with its facts." *Id.* (citations omitted).

To determine the sufficiency of a complaint, "a court . . . must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While a complaint need not assert detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679).

A court may determine that a complaint's factual allegations are plausible if the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"

*Connelly*, 809 F.3d at 786 (citations omitted). Reviewing the plausibility of the complaint is a "context-specific" inquiry and requires a court to "draw on its experience and common sense." *Iqbal*, 556 U.S. at 663-64.

**DISCUSSION**

Plaintiff claims that Defendants committed unlawful employment discrimination when they failed to promote her, failed to stop harassing her, subjected her to unequal terms and conditions of her employment, provided an unsafe workplace, and retaliated against her because of her race, age and/or gender in violation of Title VII and the ADEA.[4] These claims are each addressed below.

*Plaintiff's Discrimination Claims*

Plaintiff's claims appear based on a disparate treatment theory of discrimination. *See E.E.O.C. v. Metal Serv. Co.*, 892 F.2d 341, 347 (3d Cir. 1999).[5] Under Title VII, it is "an 'unlawful employment practice for an employer . . . to discriminate against any individual . . . , because of such individual's race, color, religion, sex, or national origin.'" *Connelly*, 809 F.3d at 787 (quoting 42 U.S.C. § 2000e-2(a)(1)). In an effort to clarify this language, Congress explained that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice." *Id.* (quoting 42 U.S.C. § 2000e-2(m)).

---

[4] It is well-established that claims made under the ADEA are subject to the same analysis as those asserted under Title VII. Therefore, this Court will apply a Title VII analysis to Plaintiff's race, age and gender discrimination and retaliation claims. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192-93 (3d Cir. 2015) (citing *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 698 (3d Cir. 1995) ("Because the prohibition against age discrimination contained in the ADEA is similar in text, tone, and purpose to the prohibitions against discrimination contained in Title VII, courts routinely look to law developed under Title VII to guide an inquiry under the ADEA.")).

[5] "A disparate treatment violation is made out when an individual of a protected group is shown to have been singled out and treated less favorably than others similarly situated on the basis of an impermissible criterion under Title VII." *Metal Serv. Co.*, 892 F.2d at 347.

To state a viable claim for discrimination under Title VII, Plaintiff must plead sufficient facts to show that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. *See Jones v. SEPTA*, 796 F.3d 323, 327 (3d Cir. 2015). The complaint must, therefore, allege facts to show, *inter alia*, that the "defendant terminated plaintiff's employment or otherwise discriminated against the plaintiff *because* plaintiff is a member of any of the specified groups." *Thomas v. Dennis Real Estate, Inc.*, 1989 WL 114165, at *1 (E.D. Pa. Sept. 29, 1989) (emphasis added).

*Claims Against Defendants Metzradt, Childs, and Bailey*

Plaintiff asserts that Defendants Metzradt, Childs, and Bailey, as individual employees of Defendant AmeriHealth, unlawfully discriminated against her based on her race, age, and gender. It is well settled that individual employees cannot be held liable under either Title VII or the ADEA. *See, e.g.*, *Le v. Univ. of Penn.*, 321 F.3d 403, 408 n.3 (3d Cir. 2003); *Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184 (3d Cir. 1997) (en banc) (affirming district court's dismissal of a plaintiff's Title VII claims because defendants were individual employees); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."); *Ugorji v. New Jersey Envtl. Infrastructure Tr.*, 529 F. App'x 145, 150 n.2 (3d Cir. 2013). Third Circuit Court of Appeals precedent also provides that individual employees are not liable under the ADEA. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 246 n.29 (3d Cir. 2006); *Muhammad v. Sills Cummis & Gross P.C.*, 621 F. App'x 96, 98 (3d Cir. 2015) (citing *Hill*, 455 F.3d at 246 n.29). Accordingly, Plaintiff's claims against Defendants Metzradt, Childs, and Bailey are dismissed.

*Claims Against Defendant AmeriHealth*

Defendant AmeriHealth argues that Plaintiff has failed to plead facts sufficient to sustain her claims for race, gender, and/or age discrimination. Defendants do not challenge that Plaintiff is a member of a protected class and qualified for her position. Therefore, this Court limits its analysis to the third and fourth elements of Plaintiff's discrimination claims, *i.e.*, that she suffered an adverse employment action and the circumstances of which give rise to an inference of discrimination.

To satisfy the third element, Plaintiff's amended complaint must contain sufficient facts to plausibly show that she suffered an adverse employment action. *See SEPTA*, 796 F.3d at 327. The Third Circuit has "described an adverse employment action 'as an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'"[6] *SEPTA*, 796 F.3d at 326 (quoting *Storey v. Burns. Intern. Sec. Serv.*, 390 F.3d 760, 764 (3d Cir. 2004)); *see also Burlington Indus., Inc., v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). Here, Plaintiff cites to the following incidents to support the adverse action suffered: (1) that she was "transferred . . . to another Department after filing wit[h] [the] EEOC"; (2) "past [sic] over for Promotion [sic] because co-workers listed connect [sic] with [a recruiter] informed not to allow opportunity [sic]"; and (3) not given a "bonus/fair rate increase" and a "white male/younger/not same title was given [her] portion of performance Increase [sic]." (Am. Compl. ¶ II, E).

---

[6] "Title VII forbids employers 'to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." *SEPTA*, 796 F.3d at 325 (citing 42 U.S.C. § 2000e-2(a)(1)).

As to Plaintiff's contention that she was "transferred . . . to another department after filing with the EEOC," (*id.*), the Third Circuit has recognized that "lateral transfers and changes of title . . . have generally been held not to constitute adverse employment actions." *Barnees v. Nationwide Mut. Ins. Co.*, 598 F. App'x 86, 90 (3d Cir. 2015). "Minor actions, such as lateral transfers and changes of title and reporting relationships, are generally insufficient to constitute adverse employment actions." *Langley v. Merck & Co., Inc.*, 186 F. App'x 258, 260 (3d Cir. 2006). Notwithstanding this general rule, a transfer can constitute an adverse employment action when a plaintiff pleads facts to show a reduction in pay or benefits as a result, or "if there is a reduction in other terms, conditions, or privileges of employment." *McGrenaghan v. St. Denis Sch.*, 979 F. Supp. 323, 326 (E.D. Pa. 1997) (noting that plaintiff's transfer was an adverse employment action, because the plaintiff provided significant evidence that "the transfer was a demotion and involved significantly diminished job responsibilities."); *see also*, *Torre v. Casio, Inc.*, 42 F.3d 825, 831 n.7 (3d Cir. 1994) (holding that the plaintiff created a material fact regarding his transfer by alleging that the new position, despite not losing pay or benefits, was a "dead-end job" which he could be fired from at any moment). Here, Plaintiff merely asserts that she was transferred to another department, but fails to plead any other facts that would allow a reasonable factfinder to conclude that her transfer resulted in either a reduction in pay or benefits, or a reduction in other terms, conditions, or privileges of her employment. Therefore, to the extent that Plaintiff's claim is premised merely on a transfer, the claim is insufficient as a matter of law.

Plaintiff also asserts that she was not given a bonus/fair rate increase and that the performance increase was given to a younger white male who did not have Plaintiff's same work title. However, an employer's decision to not give an employee a bonus or wage increase

generally does not constitute an adverse employment action. For example, in *Tucker v. Merck & Co.*, 131 F. App'x 852, 857 (3d Cir. 2005), the Court held that the plaintiff was not subject to an adverse employment action where his negative performance evaluations had no impact on his compensation or terms of employment. "[E]ven a negative evaluation that leads to a lower than expected merit wage increase or bonus probably does not constitute an adverse employment action." *Id*. Instantly, Plaintiff has not pled facts sufficient to show, or to allow this Court to infer, that the denial of a bonus or wage increase was *serious or tangible* enough to affect the compensation, terms, conditions, or privileges of her employment or caused a *significant* change in benefits as set forth by the aforementioned case law. *See Ellerth*, 524 U.S. at 761; *SEPTA*, 796 F.3d at 326. Therefore, to the extent that Plaintiff's claim is premised on the denial of bonuses and/or performance increases, it is also insufficient as a matter of law.

Plaintiff also claims that her performance evaluation was performed three months late. In *Walker v. Centocor Ortho Biotech, Inc.*, 558 F. App'x 216, 219-20 (3d Cir. 2014), the Circuit Court held that a negative evaluation was not an adverse employment action. Plaintiff alleges even less, *i.e.*, that her evaluation was tardily administered by "Corporate." (*See* Am. Compl. ¶ II, E). In light of *Walker*, this Court finds that the delayed performance evaluation does not constitute an adverse employment action. Therefore, to the extent Plaintiff intended to premise her claim on this alleged action, it too is insufficient as a matter of law.

Plaintiff also alleges that she was "past [sic] over for Promotion [sic]." Generally, "[t]ermination, failure to promote, and failure to hire all constitute adverse employment actions." *Barnees*, 598 F. App'x 90 (citing 42 U.S.C. § 2000e-2(a)(1)). In a failure to promote claim, however, a plaintiff must allege facts to show that the position for which she was not selected remained open after her rejection and the employer continued to seek applicants with the

plaintiff's qualifications, *Scott v. Sunoco Logistics Partners, LP*, 918 F. Supp. 2d 344, 353 (E.D. Pa. 2013), or that a similarly situated individual from a non-protected class was promoted instead of the plaintiff. *O'Neal v. Brownlee*, 2004 WL 2827052, at *6 (E.D. Pa. Dec. 9, 2004). Here, Plaintiff has not pled any facts to show, or from which a reasonable factfinder could infer, what the position was, whether she was qualified, that the position for which she was passed over remained open after her non-selection, or that a similarly situated individual from a non-protected class was instead promoted. Therefore, to the extent that Plaintiff's claim is premised on Defendant AmeriHealth's failure to promote her, the discrimination claim is insufficient as a matter of law.

Further, Plaintiff does not allege facts sufficient to meet the fourth element, *i.e.*, facts sufficient to plausibly show that "the circumstances of the adverse employment action give rise to an inference of discrimination." *SEPTA*, 796 F.3d at 327. This fourth element requires "some causal nexus" between Plaintiff's race, age, and/or gender and the adverse employment action. *Id.* (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003); *see also Connelly*, 809 F.3d at 787 (noting that a plaintiff must allege facts sufficient to plausibly show that "race, color, religion, sex, or national origin was a motivating factor for any employment practice." (quoting 42 U.S.C. § 2000e-2(m))).

Here, none of the facts alleged in either the complaint or the amended complaint allows this Court to infer that Defendant AmeriHealth discriminated against Plaintiff on the basis of her race, age, or gender. Plaintiff baldly alleges that Defendants Childs and Bailey harassed, intimidated, and bullied her. (*See* Am. Compl. ¶ II, E).[7] She does not, however, allege facts

---

[7] In *Connelly*, the Court of Appeals disregarded the plaintiff's allegation that she was "sexually harassed" because it was a legal conclusion. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). Here, Plaintiff's overbroad assertion of harassment provides even less substance than in *Connelly*.

from which a reasonable factfinder could infer that any of these alleged actions were motivated by Plaintiff's race, age, or gender. To the contrary, Plaintiff contends that Defendant Metzradt showed favoritism to Defendants Childs and Bailey by giving them higher pay, and by allowing them to work from home, take time off, control the department, and control Plaintiff's staff. (*Id.*). However, these co-workers are both members of Plaintiff's protected class, *i.e.*, Defendants Childs and Bailey are African American women over 40 years old. Such favorable treatment to other members of Plaintiff's protected classes creates an inference that Defendant AmeriHealth *lacked* discriminatory intent, rather than being motivated by it. *See Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 524 (3d Cir. 2003) ("[E]mployer's favorable treatment of other members of a protected class can create an inference that the employer lacks discriminatory intent."); *see also Santiago v. Brooks Range Contract Servs., Inc.*, 2014 WL 4930918, at *10 (E.D. Pa. Sept 30, 2014) ("[I]t is well established that an employer's favorable treatment of other members of the protected class is relevant in determining whether the employer was motivated by discriminatory intent.") (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)). As such, Plaintiff's complaint and amended complaint are devoid of any *facts* to raise an inference of discrimination to establish the fourth element.[8] Therefore, based upon the totality of the analysis made, Plaintiff fails to state a viable Title VII or ADEA claim.

---

Thus, this Court finds that Plaintiff's claim in this regard is a legal conclusion and not entitled to the presumption of truth.

[8] Plaintiff also alleges that a younger "white male" that did not have the same title as her received her portion of a performance increase. In doing so, Plaintiff has undermined her own claim: the white, younger male is not a sufficient comparator to Plaintiff because he does not have the same title as her. *See Philips-Clark v. Phila. Hous. Auth.*, 2007 WL 603039, at *6 n.10 (E.D. Pa. Feb. 22, 2007) (noting that the court must consider all available comparators, including those of the same race as plaintiff, in determining whether an adverse employment action was motivated by race).

*Plaintiff's Title VII Hostile Work Environment Claim*

Reading the complaint and amended complaint liberally, Plaintiff appears to also assert a hostile work environment claim premised upon both race and gender. To establish a hostile work environment claim under Title VII, a plaintiff must allege facts to show:

> (1) the employee suffered intentional discrimination because of [his or her race, national origin, or sex]; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position; and (5) the existence of *respondeat superior* liability.

*Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 28 (3d Cir. 1997). A plaintiff must plead facts to show each element. *Id.* Because Plaintiff's pleadings fail to satisfy either of the first two elements, this Court will limit its analysis to these two elements.

The first element "concretely expresses the principle that Title VII is not 'a general civility code for the American workplace.'" *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006) (quoting *Oncale v. Sundowner Offshore Servs. Inc.*, 523 U.S. 75, 80-81 (1998)). "Many may suffer severe or pervasive harassment at work, but if the reason for that harassment is one that is not proscribed by Title VII, it follows that Title VII provides no relief." *Id.* Here, Plaintiff asserts that an "unsafe work place" existed which "stressed [her] out" and that she was, and continues to be, harassed, intimidated, and bullied by Defendants Childs and Bailey. (Am. Compl. ¶ II, A and E). However, Plaintiff fails to plead any facts to show a connection between Defendants' alleged conduct and Plaintiff's race and/or gender. Moreover, the fact that the alleged harassers, Defendants Childs and Bailey, belong to the same protected class as Plaintiff supports the inference that Defendants "lack[ed] discriminatory intent." *Ansell*, 347 F.3d at 524. Therefore, Plaintiff has failed to meet the first requisite element for a hostile work environment claim.

As to the second element, harassment is pervasive when "incidents of harassment occur either in concert or with regularity." *Andrews v. City of Phila.*, 895 F.2d 1469 (3d Cir. 1990) (quoting *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1189 (2d Cir. 1987)); *see also Eldeeb v. Potter*, 675 F. Supp. 2d 521, 532 (E.D. Pa. 2009) (dismissing the plaintiff's complaint because it lacked facts that indicated "the frequency, severity, or abusive nature of the harassment to which [plaintiff] claims to have been subjected."). Title VII does not, however, "mandate a happy workplace. Occasional insults, teasing, or episodic instances of ridicule are not enough." *Potter*, 435 F.3d 451 (citing *Faragher*, 524 U.S. at 788). Here, without any detail, Plaintiff alleges in conclusory fashion that she was harassed, intimidated, and bullied. Aside from these bald, legal conclusions, however, Plaintiff does not plead any facts to show that the alleged harassment was done with any consistency, regularity, or frequency. Under these circumstances, Plaintiff has not pled sufficient facts to satisfy the second element of her hostile work environment claim. Therefore, the claim of hostile work environment fails.

*Plaintiff's Retaliation Claim*

Plaintiff also asserts a retaliation claim under Title VII and the ADEA. To establish a retaliation claim, a plaintiff must allege facts to show: (1) a protected employee activity; (2) adverse action by Defendant AmeriHealth either after or contemporaneous with Plaintiff's protected activity; and (3) a causal connection between Plaintiff's protected activity and the Defendant AmeriHealth's adverse action. *See Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015). From a liberal reading of Plaintiff's complaint and amended complaint, it appears that Plaintiff alleges that her transfer was the adverse employment action taken by Defendant AmeriHealth in retaliation to her grievances to the human resources and ethics department and her EEOC charge. (*See* Am. Compl. ¶ II, E; Compl.). As discussed above,

Plaintiff has failed to plead sufficient facts to show that her transfer constituted an adverse employment action and, as such, she cannot meet the second element of her retaliation claim. Consequently, Plaintiff's retaliation claim is dismissed.

**CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss is granted. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.